Tompkins, J.,
delivered the opinion of the Court.
Baldwin-and Spencer sued Bonney before a Justice of the Peace, and obtained' a judgment by default. Prom the judgment of the Justice, Bonney appealed to' the Circuit Court, and that Court dismissed the appeal. Bonney by writ of error has-brought the cause hero, and assigns for error that the Circuit Court ordered the appeal to be dismissed from its docket, on- the ground that it had been improperly granted. There is also a general assignment of errors. No exceptions were taken-io the opinion of the Court. Prom the Justice’s transcript, it appears that judgment was taken on the 8th day of April, and that’ the appeal was asked for on the 18th day of the same month. At the first term of the Circuit Court, the “ defendant” continues the cause at his own cost. The term defendant used here is not the most accurate; hut it is reasonable to suppose the appellant was intended, he having been-the defendant before the Justice oí the Peace; and when the cause comes up from the Justice to the Circuit Court, the plaintiff is required to make out his case against tile defendant as-if it were a new one¿ See Revised Code, p; 483, sec. 30. The Circuit Court dismissed the appeal from its docket, “ because (as the transcript of the record says) it appeared to the Court that the appeal in this case Was improperly, granted.”
It is contended by the plaintiff in error, that the Circuit Court dismissed his appeal because-he did not, when he applied to the Justice fc set aside the judgment by default, show good cause for setting it aside ; and he contends that the act of 23d December, 1826, supplementary to the act establishing Justices Courts, &c., repeals the' provision found in the ISfth and 22d sections of the act establishing Justices Courts,&c., (see Revised Code, p. 473,) and which makes the right to an appeal conditional. To this it may be answered, that it is quite immaterial fo'r what reason the Circuit Court dismissed the appeal: its reasoning may he very correct, and often does assist us in the construction of the statutes but it is no part of the record, although it he saved by the diligence of the patties, or of either of therm The business of this Court is to inquire if there were any good reason for dismissing the appeal.
The defendant in error, by his counsel, contends that the appeal being taken after the day of trial, and there being no notice given of such appeal as the law requires, the judgment of the Circuit' Court must be affirmed; "that the defendants in *37 error had kept out of the way, and the Court, when the cause was called, finding no notice of the appeal, dismissed it as in duty bound.”
This Court has frequently said that it would not, where a legal notice had not been given, presume such notice from the fact that fEe party to whom such notice should haye been given, came into Court and moved to dismiss the cause. This declaration is made in the opinion delivered in the case of- Hempstead v. Darby, page 25th of the 2d volume of the decisions of this Court, and it was there added that had Darby proceeded in the cause by pleading to the merits, or by doing any other act to admit notice, (perhaps by asking a continuance of the cause,) the case would have been diiferent. The defendants in error do not appear to have taken any step in this cause to admit that the Court had it legally on docket; and we finding that the appeal was taken after the day of trial, and that there was no notice thereof given, are of opinion that the cause was correctly dismissed by the Circuit Court. Whether the provisions found in the revised code to regulate the appeal in case of judgments by default be repealed by the provision in the 2d section of the act of 23d December, 1826, page 33 of the pamphlet edition of the acts of that session, it is not now; necessary to decide. The judgment of the Circuit Court is affirmed..